**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN SUAREZ,

      Defendant-Appellant.

No. 06-3014
(D.C. Nos. 05-CV-3366-JWL and
03-CR-20085-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL** and **TYMKOVICH,** Circuit Judges.

---

Juan Suarez, a federal prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2255 petition for

habeas corpus. We deny his request for a COA and dismiss this appeal.

On February 2, 2004, Mr. Suarez pleaded guilty to violating 21 U.S.C.

§§ 841 and 846 by conspiring to distribute and possess with intent to distribute at

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

least 500 grams of methamphetamine.  In the plea agreement executed by Mr. Suarez, he "waive[d] any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence," including his right to file "a motion brought under . . . § 2255."  On direct appeal, Mr. Suarez challenged his sentence under Blakely v. Washington, 542 U.S. 296 (2004).  We granted the Government's motion to enforce the plea agreement and dismissed that appeal.

Mr. Suarez subsequently filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  In that motion, Mr. Suarez asserted that 1) his conviction violates the Ninth and Tenth Amendments; 2) he received ineffective assistance of counsel; and 3) his sentence is unconstitutional under Blakely and United States v. Booker, 543 U.S. 220 (2005).  In response, the Government again sought to enforce Mr. Suarez's plea agreement waiver.  The district court, in a very well-reasoned and thorough opinion, granted the Government's motion, finding that Mr. Suarez entered the agreement knowingly, intelligently, and voluntarily and that enforcing the waiver would not result in a miscarriage of justice.  The court then dismissed Mr. Suarez's § 2255 motion, and Mr. Suarez applied to this court for a COA to appeal that dismissal.[1]

---

[1] The district court did not act on the issue of COA.  Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a COA within thirty days after filing of the notice of appeal as a denial of a certificate.  See, e.g., United States v. Kennedy, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

We have carefully reviewed the record, Mr. Suarez's brief, the district court's order, and the applicable law. We conclude, for the same reasons set forth by the district court in its order dismissing Mr. Suarez's § 2255 motion, that no "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).[2] Accordingly, we DENY Mr. Suarez's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2] On appeal, Mr. Suarez has moved to file an addendum to his appellate brief to allege insufficiency of the indictment as an additional ground in support of his § 2255 motion. This issue falls within the scope of Mr. Suarez's waiver of his right to collaterally attack his prosecution, conviction, and sentence, which Mr. Suarez executed knowingly and voluntarily. Additionally, even if this issue fell outside the scope of Mr. Suarez's waiver and we could otherwise review this claim, it is meritless. The indictment alleged the essential elements of the charged offense with sufficient certainty to inform Mr. Suarez of the nature of the offense charged and to protect him from double jeopardy. See United States v. Ailsworth, 138 F.3d 843, 850 (10th Cir. 1998). We therefore DENY Mr. Suarez's motion to file an addendum to his brief.